UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 1:22-cr-00109-1 |
| | ) | |
| Plaintiff, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge Thomas M. Parker |
| | ) | |
| NICHOLAS D. GEER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**OPINION AND ORDER**

Defendant Nicholas Geer seeks reconsideration of the Court's Order dated November 4, 2022 (ECF No. 47) denying his motion to suppress all evidence law enforcement seized during the search of his home on Derbyshire Road in Cleveland Heights, Ohio on February 8, 2022. (ECF No. 37.) Defendant renews the arguments he made in his motion to suppress. (*Id.*; ECF No. 55.) Further, he maintains that he had a legitimate expectation of privacy in the basement of the home, where he lived and where he was when law enforcement executed the search. (*Id.*) For the reasons more fully explained below, the Court **DENIES** Defendant's motion for reconsideration.

Neither the Federal Rules of Criminal Procedure nor the Federal Rules of Civil Procedure formally provide for reconsideration. The Federal Rules of Civil Procedure may be applied in criminal cases, "to the extent that they are not inconsistent with any statutory provisions or" the Criminal Rules. Fed. R. Crim. P. 12. And the reasons for altering or amending a judgment under Rule 59 or obtaining relief from a

judgment under Rule 60 generally delineate the circumstances under which a court will grant reconsideration.

Justifying reconsideration requires a moving party to: (1) demonstrate an intervening change in the controlling law; (2) establish that new evidence is available; or (3) prove that a clear error occurred or reconsideration is necessary to prevent manifest injustice. *See Louisville/Jefferson Cnty. Metro. Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009). A district court retains the discretion to entertain such a motion. *Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 n.7 (6th Cir. 2004). On review of Defendant's motion for reconsideration, the parties' briefing on Defendant's motion to suppress, and the Court's ruling on Defendant's motion to suppress, the Court determines that none of these factors justify reconsideration.

The Court interprets Defendant's motion as arguing that the Court's Order represents clear error or will result in manifest injustice absent reconsideration. Defendant recognizes that the Court's Order turned in part on his "failure to demonstrate how or why his arrest in the basement should result in [] exclusion of evidence seized on the first floor of the residence pursuant to a warrant supported by probable cause." (ECF No. 55.) But his motion for reconsideration does not argue why this determination was clear error or otherwise justifies reconsideration. Instead, Defendant argues that he had a reasonable expectation of privacy in his residence, the basement of the Derbyshire Road residence, which makes the search at issue unlawful. (*Id.*) He cites a string of cases supporting his assertion that an

2

individual maintains an expectation of privacy in the basement unit of a multi-family home. (*Id.*) *See, e.g., United States v. King*, 227 F.3d 732, 749–50, 753 (6th Cir. 2000) (holding that a search of the defendant's basement unit exceeded the scope of the warrant and suppressing the cocaine found there). Fundamentally, however, these authorities miss the mark on the facts and circumstances here for one simple reason. The evidence Defendant seeks to suppress was not located in the basement of the Derbyshire Road residence. (ECF No. 1-1, ¶¶ 10 & 11, PageID #5; ECF No. 37, PageID #176–77 & 179; ECF No. 45, PageID #244.) No case on which Defendant relies supports suppression of evidence found on the first floor, which was squarely within the scope of the search warrant.

     Nor does the Sixth Circuit's recent decision in *United States v. Sanders*, 59 F. 4th 242 (6th Cir. 2023) (2-1 decision), provide a basis for reconsideration. There, law enforcement searched defendant's home pursuant to a warrant based on a tip from a confidential informant and two controlled buys that occurred away from the home. *Id.* at 238. The Sixth Circuit reversed the district court's order denying the defendant's motion to suppress because the warrant lacked probable cause. *Id.* at 237. Applying basic Fourth Amendment principles, the court determined that the warrant failed to establish the reliability of the confidential informant or otherwise support a finding of probable cause for the search of the home under the totality of the circumstances, particularly because the controlled buy did not occur there. *Id.* at 238–39. This does not represent a change in controlling law. But even if it did, the facts here differ in the important detail that a controlled buy occurred at Derbyshire

Road. Moreover, Defendant's motions to suppress and for reconsideration do not include an attack on the facial validity of the warrant as to the first floor of the Derbyshire Road residence. For these reasons, the Court determines that *Sanders* does not justify reconsideration.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's motion for reconsideration. (ECF No. 55.)

**SO ORDERED.**

Dated: March 21, 2023

                                                J. Philip Calabrese
                                                United States District Judge
                                                Northern District of Ohio