# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 1:26-cv-138 |
| | ) | Case No. 1:22-cr-109 |
| Plaintiff, | ) | |
| | ) | Judge J. Philip Calabrese |
| v. | ) | |
| | ) | Magistrate Judge Reuben J. Sheperd |
| NICHOLAS D. GEER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION

28 U.S.C § 2255(f)(1) provides a one-year statute of limitations from the date the judgment of conviction becomes final. Here, the Sixth Circuit affirmed the conviction and sentence of Nicholas Geer on October 24, 2024. Mr. Geer had 90 days from that date to file a petition for a writ of certiorari but did not do so. (ECF No. 114, PageID #1186.) Therefore, his conviction became final on January 22, 2025. *Clay v. United States*, 537 U.S. 522, 525 (2003). Mr. Geer had until January 22, 2026 to file a motion under 28 U.S.C. § 2255. His motion to vacate was filed on January 20, 2026. Therefore, the motion itself is timely.

His motion identifies two grounds for relief under the Sixth Amendment. (ECF No. 114, PageID #1188.) But the first ground provides no explanation beyond that. Instead, the motion states that it will provide support in a separate memorandum at a later date. (*Id.*) The second ground identifies a Confrontation Clause claim. (*Id.*, PageID #1189.) Again, the motion states that it will add detail in a later memorandum. (*Id.*) In the third ground for relief, the motion alleges a due-

process violation due to the absence of an arrest warrant. (*Id.*, PageID #1191.) Additionally, the motion states that it will provide more grounds in a later memorandum. (*Id.*, PageID #1192; *see also id.*, PageID #1186 & #1193.)

Mr. Geer's memorandum supporting the motion to vacate (along with his motion for a new trial and motion to dismiss for lack of subject matter jurisdiction) was filed by the Clerk's Office on January 27, 2026, which is after the limitations period. However, Mr. Geer mailed all three filings in one envelope, which contained a tracking number. (*See* ECF No. 117-1.) The United States Postal Service's tracking information shows that the envelope departed the post office in Bruceton, West Virginia on January 22, 2026. Accordingly, the memorandum supporting the motion to vacate (along with the other two filings) was placed in the mail on the deadline. Therefore, the Court finds that Mr. Geer's motion to vacate is timely and will proceed to consider it in due course.

**SO ORDERED.**

Dated: February 10, 2026

                                                  J. Philip Calabrese
                                                  United States District Judge
                                                  Northern District of Ohio