**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 1:26-cv-138 |
| | ) | Case No. 1:22-cr-109 |
| Plaintiff-Respondent, | ) | |
| | ) | Judge J. Philip Calabrese |
| v. | ) | |
| | ) | Magistrate Judge Reuben J. Sheperd |
| NICHOLAS D. GEER, | ) | |
| | ) | |
| Defendant-Petitioner. | ) | |
| | ) | |

## OPINION AND ORDER

Petitioner Nicholas Geer, representing himself, moves under 28 U.S.C. § 2255 to vacate his sentence for seven counts of possession with intent to distribute controlled substances, one count of being a felon in possession of a firearm and ammunition, and one count of possession of a firearm in furtherance of a drug trafficking crime.  Mr. Geer also moves for a new trial under Rule 33(b)(2).  For the reasons that follow, the Court **DENIES** Mr. Geer's Section 2255 motion and his motion for a new trial.

### STATEMENT OF FACTS

In Case No. 1:22-cr-109 (and, unless otherwise indicated, all citations to the record relate to this case), Mr. Geer was charged in a twelve-count indictment with ten counts of possession with intent to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), one count of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and one count of possession of a firearm in furtherance of a drug trafficking crime in violation

of 18 U.S.C. § 924(c)(1)(A)(i).  (ECF No. 14.)  Specifically, the indictment charged that, on or about February 8, 2022, Mr. Geer knowingly and intentionally possessed and intended to distribute fentanyl, acetylfentanyl, fluorofentanyl, heroin, and cocaine. (*Id.*)  Additionally, the indictment charged that Mr. Geer knowingly and intentionally possessed a firearm and ammunition while being a convicted felon and possessed the firearm in furtherance of a drug trafficking crime.  (*Id.*)

On June 1, 2023, after a two-day jury trial, the jury found Mr. Geer guilty on all counts.  (ECF No. 90, PageID #1094–96.)  On October 11, 2023, the Court sentenced Mr. Geer to a 180-month term of imprisonment, the mandatory minimum. (ECF No. 79, PageID #523.)

## STATEMENT OF THE CASE

Mr. Geer had until January 22, 2026 to file a motion under 28 U.S.C. § 2255. Mr. Geer's *pro se* motion to vacate was filed by the Clerk's Office on January 20, 2026. (ECF No. 114.)  Mr. Geer's memorandum supporting the motion to vacate was filed by the Clerk on January 27, 2026.  (ECF No. 116.)  Previously, the Court found that the motion itself is timely and that the memorandum is timely under the mailbox rule.  (ECF No. 119, PageID #1209–10.)  Therefore, the Court considers the petition and the issues it raises on the merits.

However, Mr. Geer filed two additional memoranda that are not timely.  The Clerk filed these additional memoranda supporting the motion to vacate on February 11, 2026 and February 17, 2026.  (ECF No. 120; ECF No. 121.)  Even under the mailbox rule, these memoranda are not timely.  Regarding the first (ECF No. 120),

2

the Clerk did not scan the envelope before it mailed the memorandum and the envelope back to Mr. Geer because it contained personal identifiers.  While the Court cannot analyze the post-marking on that envelope, this additional memorandum was filed by the Clerk's Office on February 11, 2026–twenty days after Mr. Geer's deadline to file a motion under 28 U.S.C. § 2255.  As for the second (ECF No. 121), the envelope does not contain tracking information, but the post office in Pittsburgh stamped the envelope on February 13, 2026.  (ECF No. 121-1, PageID #1218.)  The Clerk filed this memorandum on February 17, 2026–twenty-six days after Mr. Geer's filing deadline.  These two memoranda are well outside the mailbox rule.  Therefore, the Court finds that these additional memoranda are not timely and gives them no consideration.

 Mr. Geer also filed a motion for a new trial (ECF No. 117), and a motion to dismiss for lack of subject-matter jurisdiction (ECF No. 118).

## ANALYSIS

### I.    Motion to Vacate

Under 28 U.S.C. § 2255, a federal prisoner may move the court that sentenced him to vacate, set aside, or correct his sentence.  The movant may attack his sentence on the grounds that (1) it was imposed in violation of the Constitution or laws of the United States; (2) the Court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255(a).

A petitioner must demonstrate "a fundamental defect which inherently results in a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 346 (1974).

A petitioner bears the burden of production to articulate specific facts that entitle him to relief. *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961).

A court should hold an evidentiary hearing on a Section 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). "Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing." *O'Malley*, 285 F.2d at 735.

In his motion to vacate (ECF No. 114), and in his timely memorandum supporting the motion (ECF No. 116), which is his first post-conviction filing, Mr. Geer advances four grounds for vacating his sentence: (1) ineffective assistance of counsel; (2) violation of the Sixth Amendment's Confrontation Clause; (3) violation of the Fourth and Fourteenth Amendments for arrest without a warrant; and (4) a right to bear arms under the Second Amendment. (*Id.*, PageID #1200–02.) In his original motion, he merely lists the grounds and states "3. ect. more grounds to be added in separate memorandum." (ECF No. 114, PageID #1186.) For Ground 1, "6 Amendment," Mr. Geer lists his supporting facts as "memorandum of facts added at later date." (*Id.,* PageID #1188.) For Ground 2, "6 Amendment Confrontation Clause," he lists his supporting facts as "[a]dding memorandum at later date." (*Id.,* PageID #1189.) For Ground 3, "14th Amendment Violation," he lists his supporting facts as "[n]o arrest warrant for Nicholas Geer." (*Id.,* PageID #1191.) For Ground 4, "more grounds to be raised[,]" he lists his supporting facts as "memorandum added at later date." (*Id.,* PageID #1192.) In his timely supplement to the motion to vacate

4

(ECF No. 116), Mr. Geer provides some supporting facts.  (*Id.*, PageID #1200–01.)  In his motion for a new trial (ECF No. 117), Mr. Geer provides facts regarding ineffective assistance of counsel, which the Court will also consider for Mr. Geer's motion to vacate under the standard for that motion.  (ECF No. 117, PageID #1204.)

### I.A.  Ineffective Assistance of Counsel (Ground 1)

Mr. Geer argues that his counsel failed to raise essential arguments in his defense, including "*Franks*, suppression, ect, including drugs to be retested."  (ECF No. 116, PageID #1200–01.)  However, his trial counsel did file a motion to suppress (ECF No. 37), which the Court denied (ECF No. 47).  On appeal, the Sixth Circuit affirmed the denial of Mr. Geer's motion to suppress.  *United States v. Geer*, No. 23-3857, 2024 U.S. App. LEXIS 27041, at 5 (6th Cir. Oct. 24, 2024).

Mr. Geer argues that his counsel failed to raise a jurisdictional issue, specifically, "[m]y attorney never demanded proof of [f]ederal jurisdiction under 40 U.S.C. 3112"—a statute governing federal land acquisition.  (ECF No. 116, PageID #1200.)  While Mr. Geer does not elaborate on this issue in his motion to vacate or his timely supplement, the Court notes that, in a separate motion, Mr. Geer moves to dismiss for a lack of subject-matter jurisdiction.  (ECF No. 118.)  His argument is premised on one basis for federal jurisdiction, but the law provides for more than one basis for federal jurisdiction.  Mr. Geer was charged with violations of federal law under statutes that Congress validly enacted.  *See United States v. Comstock,* 560 U.S. 126, 133–34 (2010).  His jurisdictional argument lacks merit.

Mr. Geer argues that neither the prosecutor nor his counsel "gave him a plea deal (on paper)."  (ECF No. 116, PageID #1200.)  However, Mr. Geer does not have a

constitutional right to a plea bargain and a prosecutor is not required to offer one. *See Weatherford v. Bursey*, 429 U.S. 545, 561 (1977) ("But there is no constitutional right to plea bargain; the prosecutor need not do so if he prefers to go to trial.")  In any event, the United States made a plea offer to Mr. Geer, which his trial counsel reviewed with him.  (Minutes, May 15, 2023.)

Mr. Geer argues that "[m]y attorney failed to raise I never faced my accuser under 6th Amendment Confrontation Clause." (ECF No. 116, PageID #1200.)  This is simply not true.  Mr. Geer was able to confront his accuser.  The detective who investigated the case testified at trial and Mr. Geer's attorney was able to cross examine him.  (ECF No. 89, PageID #782–837.)  Mr. Geer also received the opportunity to cross-examine the officer who conducted the search of his home.  (*Id.*, PageID #872–877.)  Mr. Geer means that he did not have an opportunity to cross-examine the confidential source whose information supplied the basis for the search warrant.  But the United States did not call that source as a witness at trial, and his information provided no part of the evidence at trial.  Therefore, Mr. Geer does not have a right to cross-examine that person.

Mr. Geer argues that his counsel failed to argue that he was arrested without an arrest warrant.  (ECF No. 116, PageID #1200.)  However, it is well established that an individual can be arrested incident to a search, which is what happened here. *See Michigan v. Summers*, 452 U.S. 692, 705 (1981).  ("Because it was lawful to require respondent to re-enter and to remain in the house until evidence establishing probable cause to arrest him was found, his arrest and the search incident thereto

6

were constitutionally permissible.")  Here, a search warrant for Mr. Geer's residence was issued and executed.  (ECF No. 61, PageID #350–51.)  During the search of his residence, Mr. Geer was found hiding in the basement.  (ECF No. 89, PageID #851.)  After finding drugs and a weapon, officers placed Mr. Geer under arrest.  (*Id.*)

Mr. Geer argues that his counsel failed to hire a private investigator to examine the crime scene and raise the issue that there was no evidence of a backdoor.  (ECF No. 116, PageID #1201.)  However, the police's body-worn cameras captured the backdoor, and the footage was played at trial.  (ECF No. 89, PageID #859.)

Mr. Geer argues that his counsel "failed to raise Rule 29 [m]otion of acquittal after jury verdict or on direct appeal."  (ECF No. 116, PageID #1201.)  The record demonstrates that defense counsel moved for a judgment of acquittal under Rule 29 at the close of the government's case in chief.  (ECF No. 89, PageID #967–68.)  Although the motion was unsuccessful (*id.*, PageID #972), trial counsel did not provide ineffective assistance by making a Rule 29 motion.

Mr. Geer argues that "[m]y attorney failed to share discovery or explain that the prosecution has no audio or video footage of December 13, 2021 or 1-13-22 so he failed to invoke my FOIA under Section 3500."  (*Id.*, PageID #1201.)  These dates correlate with the controlled drug buys at issue.  But there is no requirement that such transactions be recorded.  And video footage was presented at trial.  As for Mr. Geer's complaints that his attorney failed to review discovery with him, the record shows otherwise.

Lastly, Mr. Geer argues that his counsel "failed to raise proper background issues and that it wasn't proper background but actually 404(b) and this case during trial violated Rule 403 and perjured by [j]ury in violated rule 404(b)" and "failed to raise timeliness of warrant in detail during appeal or stateness [sic] of facts."  (*Id.*, PageID #1200.)  However, Mr. Geer fails to sufficiently develop these arguments for the Court to consider.

Accordingly, Mr. Geer's arguments of ineffective assistance of counsel do not warrant vacating his sentence.

### I.B.    Confrontation Clause (Ground 2)

Mr. Geer argues that his Sixth Amendment rights under the Confrontation Clause were violated.  (*Id.*, PageID #1201.)  However, Mr. Geer offers no facts in support of this argument.  Instead, he indicates that there was "support attached." (*Id.*)  The Court has reviewed all documents that were mailed in that same envelope and has not identified any such supporting facts.  However, Mr. Geer develops a Confrontation Clause argument in support of his ground for ineffective assistance of counsel, which the Court will consider.  Mr. Geer argues that he "never faced his accuser under 6th Amendment Confrontation Clause."  (*Id.*, PageID #1200.)  As previously discussed, Mr. Geer confronted his accusers.  The investigating detective and the officer who conducted the search of his home testified at trial, and Mr. Geer's attorney had an opportunity to cross-examine them.  (ECF No. 89, PageID #782–877.) He had no right to cross-examine the confidential source who provided the information supporting the search warrant.

Accordingly, Mr. Geer's arguments regarding the Confrontation Clause do not warrant vacating his sentence.

### I.C.    Fourth and Fourteenth Amendments (Ground 3)

Mr. Geer argues that his "home was breached under violation of the Fourth Amendment." (ECF No. 116, PageID #1201.)  In his motion to vacate and his timely supplemental materials, Mr. Geer provides no facts that support this argument.  In his appeal, Mr. Geer argued that the search warrant was improper and that all evidence obtained from the warrant should have been suppressed.  *See United States v. Geer*, No. 23-3857, Appellant's Brief at 20,.  The Sixth Circuit affirmed denial of Mr. Geer's motion to suppress, stating that "[t]he search warrant affidavit here easily passes the probable cause bar."  *Geer*, 2024 U.S. App. LEXIS 27041, at 5.

Next, he argues that his Fourteenth Amendment rights were violated because he was arrested without an arrest warrant.  (ECF No. 116, PageID #1201.)  However, it is well established that an individual can be arrested incident to a search.  *See Michigan v. Summers*, 452 U.S. 692, 705 (1981). His residence was searched pursuant to a search warrant, and the officers found drugs and a weapon.  (ECF No. 61, PageID #350–51; ECF No. 89, PageID #851.)  After finding Mr. Geer in the basement, the officers placed him under arrest.  (ECF No. 89, PageID #851.)

Accordingly, Mr. Geer's arguments under the Fourth and Fourteenth Amendments do not warrant vacating his sentence.

### I.D.    Second Amendment (Ground 4)

Mr. Geer argues that his Second Amendment rights were violated.    (ECF No. 116, PageID #1201.)  In support, he states, "[m]y 2nd Amendment was violated.

Supporting facts, I have a right to bear arms as the people under the Constitution of America." (*Id.*, PageID #1202.) That is the extent of his argument.

Generally, courts apply a procedural default rule that bars relief on claims in a Section 2255 motion that could have been, but were not, raised on appeal. "First, in a rule designed to ensure that section 2255 proceedings will not develop into a substitute for direct appeal, the courts generally apply a 'procedural default' rule barring section 2255 relief on claims that the movant could have, but did not, raise on appeal." 2 Randy Hertz & James S. Liebman, *Federal Habeas Corpus Practice and Procedure* § 41.4 (2026). After reviewing the appellate record, the Court determines that the only issue related to the Second Amendment was Mr. Geer's motion to suppress a firearm:

> Mr. Geer's attorney renewed his request for acquittal pursuant to Crim. R. 29, based upon the lack of connection or identification between Mr. Geer and the gun required for both Counts 8 and 9; felon in possession of a gun and possession of a gun in a drug offense. No one, not even the confidential sources, ever said that Mr. possessed a gun at any time.

*United States v. Geer*, No. 23-3857, Appellant's Brief at 17. Later in his appellate brief, Mr. Geer advances a related argument:

> [T]he failure of the Government to fingerprint the gun found in a common kitchen area, and failure to obtain DNA evidence on alleged criminal tools is obfuscated when the Government is permitted to submit unsworn evidence from confidential sources who do not testify and are not subject to cross-examination by defense counsel.

*Id.*, at 29.

Accordingly, the Second Amendment issue that Mr. Geer raised on appeal was limited to the suppression of the firearm and testimonial evidence, which differs from

the Second Amendment ground he advances in his motion to vacate. Moreover, Mr. Geer never raised a Second Amendment issues at or before trial. Therefore, the Court determines that Mr. Geer procedurally defaulted and waived his Second Amendment claim and is barred from raising it as a ground in his motion to vacate.

*    *    *

Therefore, the Court **DENIES** Mr. Geer's motion to vacate.

## II.    Motion for a New Trial

A court has discretion to "vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). "Motions for a new trial are not favored and are granted only with great caution." *United States v. Garner*, 529 F. 2d 962, 969 (6th Cir. 1976) (citing *United States v. Hoffa*, 382 F.2d 856, 962 (6th Cir. 1967)). A motion for a new trial involves a more generous standard of review than a motion under Rule 29. *United States v. Turner*, 490 F. Supp. 583, 593 (E.D. Mich. 1979), aff'd, 633 F. 2d 219 (6th Cir. 1980). Such a motion may raise the argument that the jury's verdict is against the manifest weight of the evidence, though that evidence might be legally sufficient for a finding of guilt. *United States v. Hughes*, 505 F.3d 578, 592-93 (6th Cir. 2007). On Rule 33 motion, the court may act as a thirteenth juror, assess the credibility of witnesses, and weigh the evidence. *United States v. Lutz*, 154 F. 3d 581, 589 (6th Cir. 1998).

Still, "such motions are granted only "in the extraordinary circumstances where the evidence preponderates heavily against the verdict." *Hughes*, 505 F.3d at 593 (quoting *Turner*, 490 F. Supp. at 593). The court's role seeks to ensure against a miscarriage of justice, *United States v. Ashworth*, 836 F. 2d 260, 266 (6th Cir. 1988),

11

such as where the judge disagrees with the jury's resolution of conflicting evidence, *Tibbs v. Florida*, 457 U.S. 31, 42 (1982).

Mr. Geer moved for a new trial under Rule 33.  (ECF No. 117.)  He raises two grounds in support of his motion:  (1) ineffective assistance of counsel; and (2) newly discovered evidence.  (*Id.*, PageID #1203–04.)  As an initial matter, the Court must determine whether each ground is timely.

### II.A. Timeliness

A motion for a new trial based on ineffective assistance of counsel "must be filed within 14 days after the verdict or finding of guilt."  Fed. R. Crim. P. 33(b)(2).  Mr. Geer was convicted on June 1, 2023.  (ECF No. 90, PageID #1095–96.)  Accordingly, his motion for a new trial based on ineffective assistance of counsel was due by June 15, 2023.  Mr. Geer's motion for a new trial was filed on January 27, 2026.  Therefore, his ground for ineffective assistance is not timely, and the Court does not consider it.

A motion for a new trial based on newly discovered evidence "must be filed within [three] 3 years after the verdict or finding of guilt."  Fed. R. Crim. P. 33(b)(1).  Mr. Geer's motion for a new trial based on newly discovered evidence was due by June 1, 2026.  Mr. Geer's motion for a new trial was filed on January 27, 2026.  Therefore, his ground for newly discovered evidence is timely.

### II.B. Newly Discovered Evidence

To be granted a new trial on the basis of newly discovered evidence, a defendant must establish that "(1) the new evidence was discovered after the trial; (2) the evidence could not have been discovered earlier with due diligence; (3) the

evidence is material and not merely cumulative or impeaching; and (4) the evidence would likely product acquittal." *United States v. Seago*, 930 F.2d 482, 488 (6th Cir. 1991).  Here, Mr. Geer describes the new evidence as consisting of fingerprint and DNA evidence, among other things:

> [t]he new evidence being new fingerprint evidence that me Mr. Geer did not have any.  DNA evidence that me Mr. Geer did not have any. Firearm identification that the firearm was not stolen or register[ed] in someone's name.  Also that the target location of "the backdoor" on 2843 E. Derbyshire, Cleveland Heights, OH 44118 does not exist.

(ECF No 117, PageID #1203.)

This is not newly discovered evidence.  The lack of fingerprint and DNA evidence was available at trial.  Further, the backdoor was captured on police body-worn camera footage, which was played at trial, and the officer testified that the backdoor leads directly to the driveway.  (ECF No. 89, PageID #859–60.)

Even if it were newly discovered evidence, the evidence is not material to Mr. Geer's conviction.  He was charged with and convicted of 7 counts of possession with intent to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), one count of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i).  (ECF No. 14, PageID 64–69.)  He was convicted on all counts.  (ECF No. 71.)  The facts regarding the gun are not material to his conviction for drug possession.  Whether the gun was stolen or registered in someone else's name has no bearing on Mr. Geer's control and possession of the gun at the time that it was

13

discovered because of his status as a felon.  Similarly, the lack of DNA and fingerprint evidence is not material to his conviction.  The evidence presented at trial, including the gun and drugs that were recovered and testimony from the agents involved in the investigation, were enough for the jury to find that Mr. Geer possessed each.

Therefore, the Court **DENIES** Mr. Geer's motion for a new trial.

### III.     Motion to Dismiss for Lack of Subject-Matter Jurisdiction

Also, Mr. Geer filed a motion to dismiss based on lack of subject matter jurisdiction.  (ECF No. 118.)  He argues that "[t]he alleged offenses in this case were investigated by [S]tate authorities, occurred on [S]tate land, and involved no [f]ederal property, officers, or federal interest."  (ECF 118, PageID #1208.)  As the Court previously explained, Mr. Geer's argument is premised on one basis for federal jurisdiction, but there is not only one basis for federal jurisdiction.  Mr. Geer was charged with violations of federal law under statutes that Congress validly enacted and provide for jurisdiction here.  18 U.S.C. § 3231; *see United States v. Comstock,* 560 U.S. 126, 133-34 (2010).  Therefore, the Court **DENIES** Mr. Geer's motion to dismiss for lack of subject matter jurisdiction.

**CERTIFICATE OF APPEALABILITY**

Without a certificate of appealability, a habeas petitioner cannot appeal a final order in a habeas proceeding. 28 U.S.C. § 2253(c)(1).  Issuance of a certificate of appealability requires a petitioner to make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This means that the petitioner must show that reasonable jurists would find the district court's determination of the relevant constitutional claims debatable or incorrect.  *Tennard v. Dretke,* 542 U.S.

274, 282 (2004).  The petitioner need not show that the appeal would succeed to be eligible for a certificate of appealability.  *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Based on this standard, Mr. Geer does not qualify for a certificate of appealability.  While Mr. Geer claims that the Court denied him numerous constitutional rights, he fails to make a substantial showing or provide support for his arguments.  No reasonable jurist could fairly debate this conclusion.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Mr. Geer's motion to vacate and **FINDS** that an evidentiary hearing is not warranted.  Further, the Court **DENIES** his motion for a new trial and **DENIES** his motion to dismiss for lack of subject matter jurisdiction.  Pursuant to 28 U.S.C.§ 2253, the Court **DECLINES** to issue a certificate of appealability.

**SO ORDERED.**

Dated:  May 13, 2026

J. Philip Calabrese
United States District Judge
Northern District of Ohio